IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

VALERIE J. HAWKINS and JANICE A. PATTERSON,

    Plaintiffs,

v.

COMMUNITY BANK OF RAYMORE,

    Defendant.

No. 12-CV-00670-DW

# ORDER

    Pending before the Court is the Defendant Community Bank of Raymore's (the "Defendant") Motion for Summary Judgment (the "Motion"). See Doc. 34. The Defendant filed suggestions in support of the Motion (Doc. 35), the Plaintiffs Valerie Hawkins and Janice Patterson (the "Plaintiffs") filed suggestions in opposition (Doc. 50), and the Defendant filed a reply brief (Doc. 64). As explained below, the Court finds that the Plaintiffs, as guarantors, are not "applicants" for credit as defined by the Equal Credit Opportunity Act ("ECOA"). Therefore, the Plaintiffs' ECOA claims fail as a matter of law and the Motion is GRANTED.

**I.**

    Unless otherwise noted, the following facts are undisputed and only those facts necessary to resolve the Motion are discussed below. The Defendant made four separate loans to PHC Development, LLC ("PHC") in the principal amount of $2,077,900. The loans were made in connection with PHC's acquisition and development of a residential facility known as the Fox's Den Subdivision in Peculiar, Missouri. The loans were issued, modified, extended, and/or renewed on numerous occasions. Both Plaintiffs personally guaranteed repayment of the four loans to PHC, as did their husbands, Gary A. Hawkins ("Gary") and Chris L. Patterson ("Chris").

On or about April 16, 2012, the Defendant declared that the loans to PHC were in default, and demanded payment from PHC, both Plaintiffs, Gary, and Chris. The Plaintiffs filed this suit on May 31, 2012. The Plaintiffs allege that the Defendant required them to sign the guaranties simply because they were married to Gary and Chris. By imposing this requirement, the Plaintiffs allege that the Defendant "discriminated against [them] on the basis of marital status. Such acts constituted a violation of the ECOA, 15 U.S.C. § 1691(a) and of Regulation B, 12 C.F.R. § 202.7." Complaint, at ¶ 54. Among other claims, the Defendant has filed counterclaims for breach of the guaranties.

**II.**

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sensient Tech. Corp. v. SensoryEffects Flavor Co., 613 F.3d 754, 760 (8th Cir. 2010) (citations and quotations omitted). If the moving party makes this showing, "the nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial and cannot rest on allegations in the pleadings." Ryan v. Capital Contractors, Inc., 679 F.3d 772, 776 (8th Cir. 2012) (citations and quotations omitted). A genuine issue of material fact exists if a "reasonable jury could return a verdict for the non-moving party." Smith v. Hy-Vee, Inc., 622 F.3d 904, 907 (8th Cir. 2010).

**III.**

The pending Motion is for summary judgment, but its resolution turns on a legal, not factual issue. That issue is whether the ECOA applies to guarantors such as the Plaintiffs. If it does not, then the Defendant is entitled to summary judgment. This issue is addressed below.

Prior to enactment of the ECOA, creditors traditionally refused to extend individual credit to married women. See Anderson v. United Fin. Co., 666 F.2d 1274, 1277 (9th Cir. 1982). This

refusal was based on the wrongful "belief that [women] would not be a good credit risk because [they] would be distracted by child care or some other stereotypically female responsibility." Moran Foods, Inc. v. Mid-Atlantic Market Dev. Co., LLC, 476 F.3d 436, 441 (7th Cir. 2007). The ECOA was thus enacted in part to "eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." Midkiff v. Adams Cnty. Reg'l Water Dist., 409 F.3d 758, 771 (6th Cir. 2005) (citations and quotations omitted).

The ECOA provides that "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of . . . sex or marital status." 15 U.S.C. § 1691(a)(1). An "applicant" is defined as "any person **who applies to a creditor directly for** an extension, renewal, or continuation of **credit** . . . ." 15 U.S.C. § 1691a(b) (emphasis supplied). Based on this statutory language, the Defendant argues that the ECOA does not apply here because the Plaintiffs were guarantors, not applicants.

In response, the Plaintiffs argue that they meet the definition of "applicant" as later defined by the Board of Governors of the Federal Reserve System (the "FRB"). Specifically, the FRB promulgated Regulation B which defines an "applicant" as "includ[ing] any person who is or may become contractually liable regarding an extension of credit. For purposes of § 202.7(d), the term includes guarantors, sureties, endorsers, and similar parties." 12 C.F.R. § 202.2(e).[1] Under 12 C.F.R. § 202.7(d)(1), "a creditor shall not require the signature of an applicant's spouse or other person . . . if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." Therefore, although the ECOA focuses on applicants for credit, Regulation B extends the statute to guarantors of credit.

---

[1] The ECOA authorizes the FRB to promulgate regulations such as Regulation B. 15 U.S.C. § 1691b(a); Moran Foods, Inc., 476 F.3d at 441.

This extension has created a split in the case law, and the Eighth Circuit Court of Appeals has not directly addressed the issue. Relying primarily on Regulation B, some courts have extended the ECOA to guarantors. See, e.g., Citgo Petroleum Corp. v. Bulk Petroleum Corp., 2010 WL 3931496, at * 9 (N.D. Okla. Oct. 5, 2010) ("This Court . . . adheres to Regulation B, such that guarantors who are required to sign a guaranty in connection with an extension of credit covered by the ECOA will continue to receive protection."). Relying primarily on the statutory definition of "applicant," other courts have found that the ECOA does not apply to guarantors. See, e.g., Champion Bank v. Reg'l Dev., LLC, 2009 WL 1351122, at * 2-3 (E.D. Mo. May 13, 2009).

After reviewing the ECOA, Regulation B, and the applicable case law, this Court holds that a guarantor is not an "applicant" as defined by the ECOA. As recently summarized by Judge Kays:

> The text of the law states the statute's purpose is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit. The statute prohibits discrimination, such as denying credit or offering credit on less favorable terms, on the basis of a woman's marital status. But by sweeping guarantors into the statute, the regulation expands the ECOA beyond its intended purpose and leads to circular and illogical results in cases such as the present one, where a married woman is not being denied anything and is simply guaranteeing her spouse's business loan. An applicant is not akin to a guarantor, and interpreting applicant as embracing guarantor opens vistas of liability beyond that intended by Congress.

Smithville 169 v. Citizens Bank & Trust Co., 2013 WL 434044, at * 3 (W.D. Mo. Feb. 5, 2013) (citations and quotations omitted).

The Court agrees with this analysis and adopts its reasoning in full. The Plaintiffs here were not applicants for credit as defined by the ECOA. Instead, they were guarantors, and "a guarantor does not, by definition, apply for anything." Champion Bank, 2009 WL 1351122, at * 2. Furthermore, Regulation B is not entitled to deference because the statutory language is clear. See

Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); Moran Foods, Inc., 476 F.3d at 441 ("But there is nothing ambiguous about 'applicant' and no way to confuse an applicant with a guarantor."). For these reasons, and for the additional reasons stated by the Defendant, the Plaintiffs' claims under the ECOA must be dismissed as a matter of law.

**IV.**

It is hereby ORDERED that:

(1) the Defendant Community Bank of Raymore's Motion for Summary Judgment (Doc. 34) is GRANTED; and

(2) the Plaintiffs' claims against Defendant are DISMISSED WITH PREJUDICE; and

(3) the Plaintiffs' Affirmative Defense Number 21 to the Defendant's Amended Counterclaims[2] is STRUCK.

IT IS SO ORDERED.

Date:   May 17, 2013                                     /s/ Dean Whipple
                                                         Dean Whipple
                                                         United States District Judge

---

[2] The Defendant moved for summary judgment on Plaintiffs' Affirmative Defense No. 20. Affirmative Defense No. 20, however, asserts that "Defendant's claims are barred by the doctrine of unclean hands." See Doc. 61, at ¶ 265. It is Affirmative Defense No. 21 that relates to alleged marital discrimination under the ECOA.